**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

STUART MUNDY, JOSEPH BAIROS, PAUL FRADIN, BARRY GOLDEN, BRIAN CARROLL, KEVIN REDDY, ANTONIO CARDI, and JOHN NOVAK in their official capacities as Trustees of the Teamsters Local 251 Health Services and Insurance Fund ,
Plaintiffs,

CA 05 463 ML

v.

C.A. No.

DAVID MENDES and LAW OFFICES OF BRIAN CUNHA & ASSOCIATES,
Defendants.

## VERIFIED COMPLAINT

Plaintiffs, by their attorneys, bring this action as Trustees of the Teamsters Local 251 Health Services and Insurance Fund ("the Fund") and plead as follows:

1. This action is to enforce the terms of the Teamsters Local 251 Health Services and Insurance Plan ("Plan") and a Reimbursement Agreement ("Agreement" or "Reimbursement Agreement") and for equitable relief arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* Plaintiffs also seek a temporary restraining order. The appropriate motion has been filed contemporaneously.

## PARTIES

2. The Fund is an employee welfare benefit plan within the meaning of Section 3(1) of ERISA, 29 U.S.C. §1002(1), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37).

3. Plaintiffs Stuart Mundy, Joseph Bairos, Paul Fradin, Barry Golden, Brian Carroll, Kevin Reddy, Antonio Cardi, and John Novak are Trustees of the Fund. Plaintiffs bring this action on behalf of, and for the benefit of, the Fund's participants and beneficiaries, and in their respective capacities as the Fund's fiduciaries.

4. Defendant David Mendes was a Plan "participant" within the meaning of Section 3(7) of ERISA, 29 U.S.C. §1002(7). Defendant Mendes resides at 64 Hunter Street #1, Fall River, Massachusetts 02721.

5. Defendant Law Offices of Brian Cunha & Associates ("Law Firm") is a business located at 311 Pine Street in Fall River, Massachusetts 02720.

## JURISDICTION AND VENUE

6. This action arises under the laws of the Untied States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. §1132(e)(1), jurisdiction is therefore conferred upon the Court. In addition, this Court has jurisdiction over the pendent state claims pursuant to 29 U.S.C. §1367.

7. Pursuant to 29 U.S.C. §1132(e)(2), venue is proper in this Court because the Plan is administered in this district and, alternatively, violation of the Plan's terms is occurring in this district.

## FACTUAL ALLEGATIONS

### The Fund

8. The Fund provides various types of insurance benefits, including medical, life, and disability, to its participants and their eligible dependents. The Summary Plan Description ("SPD") describes and interprets the comprehensive benefits provided by the Plan. A copy of the SPD's relevant provisions are attached hereto as Exhibit A.

9. The Fund will not provide benefits to a participant for an injury for which a third party may be liable unless the participant agrees to reimburse the Fund from any recovery from the third party. Id.

10. Before the Fund will provide such benefits, the participant must sign a Reimbursement Agreement wherein he expressly agrees to reimburse the Fund for monies the Fund advances on his or her behalf in the event the participant receives a third party recovery in connection with the accident that gave rise to the injury. Id.

11. Thus, should the participant receive any third party recovery in connection with that injury, the Fund reserves the right to reimbursement by the participant from that recovery.

**Mendes's Reimbursement Agreement**

12. On or about July 21, 2002, Mr. Mendes was injured in a motor vehicle accident ("Accident"). As a result of the Accident, Mr. Mendes incurred injuries requiring medical treatment and was unable to work for some period.

13. In or about August, 2002, Mendes executed the Fund's Reimbursement Agreement. A true and correct copy of the Agreement is attached hereto as Exhibit B.

14. The Agreement provides, in relevant part:

> I agree to reimburse Teamsters Local 251 HSIP for the amount of benefits paid to me for this disability from any other source. I acknowledge the Teamsters Local 251 HSIP may file a lien to the extent of any Weekly Accident & Sickness benefits paid.

15. The Agreement further provides that if Mendes receives any weekly accident and sickness ("WA&S") benefits for which he is determined to be entitled to workers' compensation or similar benefits, the Fund must be reimbursed for those WA&S benefits.

16. Subsequent to, and in consideration of Mr. Mendes's execution of the Agreement, the Fund paid $13,000 in accident and sickness benefits to Mr. Mendes for claims related to the Accident. Absent Mr. Mendes's execution of the Agreement, the Fund would not have paid these claims.

17. After the Accident, Mr. Mendes retained Defendant Law Firm to recover from the parties who caused his injuries in the Accident.

18. In or about April, 2005, an arbitrator awarded Mr. Mendes damages in the amount of $29,000 as compensation for the injuries suffered as a result of the Accident.

19. Plaintiffs have requested that Defendant Mendes reimburse the Fund in the amount of $13,000 pursuant to the terms of the Reimbursement Agreement, but Mendes has refused to do so.

20. Defendant Law Firm is currently holding specifically identifiable proceeds of the arbitration award in a client trust account.

21. Plaintiffs have requested that Defendant Law Firm reimburse the Fund in the amount of $13,000 pursuant to the terms of the Reimbursement Agreement, but it has refused to do so.

22. To date, neither Defendant has reimbursed the Fund for the benefits the Fund paid on behalf of Mr. Mendes in connection with the Accident.

23. In accordance with the Plan, the SPD, and the Reimbursement Agreement, Mr. Mendes was required to reimburse the Fund $13,000 from any third party recovery he received.

24. Mr. Mendes's violation of the Agreement, as described herein, has financially injured the Fund.

**COUNT I**
**(Temporary Restraining Order and Preliminary Injunction)**

25. Plaintiffs hereby incorporate paragraphs 1 through 25 as set forth in full herein.

26. Pursuant to Fed. R. Civ. P. 65, Plaintiffs are entitled to a temporary restraining order and, upon notice and hearing, Plaintiffs are entitled to a preliminary injunction enjoining Defendants, and all those acting in concert or participating with them, from disposing of the arbitration award. If Defendants are able to place these monies beyond the reach of this Court, then they may deprive the Court of the ability to impose an equitable remedy under ERISA.

**COUNT II (Equitable Lien)**

**ERISA VIOLATION -- §502(a)(3), 29 U.S.C. § 1132(a)(3)**
**(Defendant Mendes)**

27. Plaintiffs hereby incorporate paragraphs 1 through 26 as set forth in full herein.

28. Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), allows a fiduciary to bring a civil action to redress violations of and enforce the provisions of Title I of ERISA or the terms of the Plan. The Trustees of the Fund are fiduciaries within the meaning of ERISA §404, 29 U.S.C. §1104 and bring this civil action to redress violations of and enforce the provisions of Title I of ERISA and the terms of the Plan.

29. Under the terms of the Plan, the SPD, and/or the Reimbursement Agreement, Defendant Mendes had an obligation and duty to reimburse the Fund from any third party recovery he received in connection with the accident.

30. Defendant Mendes acknowledged his duty and obligation and the Fund's

rights by signing the Reimbursement Agreement.

31. Defendant Mendes's failure to reimburse the Fund after receiving a third party recovery in connection with his claim violated the terms of the Plan, the SPD, and the Reimbursement Agreement.

32. As a result of Defendant Mendes's failure to meet his obligations under the terms of the Plan, the SPD, and the Reimbursement Agreement, Plaintiffs have been required to employ counsel in order to enforce such obligations.

33. Plaintiffs have brought this action in faithful performances of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorneys' fees as a direct result of Defendants' failure to comply with the term and conditions of the Plan, the SPD and the Reimbursement Agreement.

**<u>COUNT III (Unjust Enrichment)</u>**
**(Defendants Mendes and Law Firm)**

34. Plaintiffs hereby incorporate paragraphs 1 through 33 as set forth in full herein.

35. The Fund paid approximately $13,000 in accident and sickness benefits on Mr. Mendes's behalf in connection with his accident.

36. As a precondition to receiving those accident and sickness benefits, Mr. Mendes promised to reimburse the Fund in the event he received any third party recovery.

37. The Fund repeatedly notified Defendants that failure to reimburse the Fund after receiving the arbitration award resulting from Mr. Mendes's claim against a third party was a violation of the Plan, SPD, and the Reimbursement Agreement.

38. Mr. Mendes received a third party recovery, but neither he nor the Law Firm has reimbursed the Fund.

39. Defendants' retention of the arbitration award in violation of the Plan, the SPD, and the Reimbursement Agreement is inequitable and unjustly enriches Defendants at the expense of the Fund.

**COUNT IV (Breach of Contract)**
**(Defendant Mendes)**

40. Plaintiffs hereby incorporate paragraphs 1 through 39 as set forth in full herein.

41. In or about August, 2002, Mr. Mendes singed a Reimbursement Agreement to which he and the Fund agreed to be independently bound.

42. The Reimbursement Agreement is a legal, binding contract.

43. The Agreement required Mr. Mendes to reimburse the Fund from any third party recovery he received from the Accident.

44. In consideration for Mr. Mendes's agreement to be bound by the terms of the contract, the Fund paid to Mr. Mendes $13,000 in accident and sickness benefits.

45. Mr. Mendes successfully recovered monies from the third party responsible for his accident.

46. Mr. Mendes failed to reimburse the Fund for the monies the Fund paid to and on behalf of him, in violation of the Agreement.

47. As a result of Mr. Mendes's breach, the Fund has incurred damages of $13,000, plus the Fund's attorneys' fees in pursuing the lien.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray that the Court enter judgment against the Defendants as follows:

1. Impose a constructive trust on the Law Firm escrow account which contains proceeds from Mr. Mendes's third party recovery;

2. Issue a declaratory judgment that the Fund has an equitable lien on any settlement proceeds held by either Mr. Mendes or the Law Firm, not to exceed the amount of $13,000;

3. Order Defendants to pay in equitable restitution $13,000, plus interest on the total amount due the Fund to be determined as of the date Defendant Mendes recovered from the third party and failed to reimburse the Fund;

4. Issue a temporary restraining order and a preliminary injunction to enjoin Defendants from dispersing the Fund's interest in the arbitration award proceeds;

5. Order Defendants to pay attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1);

6. To the extent the relevant funds have been dissipated, Plaintiffs seek judgment against Defendant Law Firm in the amount of $13,000 and for punitive damages in an amount to be determined at trial; and

7. Order such other relief as the Court deems appropriate, including judgment for any interest that may accrue subsequent to the filing of this Complaint.

VERIFICATION

I, Paul MacDonald, a competent person of the full age of majority, declare:

I am the Executive Director of the Teamsters Local 251 Health Services and Insurance Fund. I have personal knowledge of the facts set forth in the Verified Complaint, and if called as a witness in this matter, I could and would testify competently to those facts under oath.

I declare under penalty of perjury that the foregoing is true and correct.

Paul MacDonald
Paul MacDonald

Signed before me this 7 day of November, 2005.

Notary Public
My commission expires: 6/18/09

Respectfully submitted,

On behalf of Plaintiffs,
By their attorneys,

Elizabeth Wiens, Esq. (#6827)
Marc Gursky, Esq. (#2818)
GURSKY LAW ASSOCIATES
420 Scrabbletown Rd., Ste. C
North Kingstown, RI 02852
Tel.(401) 294-4700
Fax (401) 294-4702